Troy ALEXANDER, Plaintiff,

v.

Galyn SCHENK, Head Counselor of ASAT Program at Cayuga Correctional Facility; Mr. Volvo, Superintendent of Programs at Cayuga Correctional Facility; Mrs. Stevenson; Glenn S. Gourd, Joe Macy, Barbiarx, Defendants.

No. 97–CV–0404(LEK) (DRH).

United States District Court, N.D. New York.

Sept. 29, 2000.

Troy Alexander, Watertown, NY, pro se.

Lisa Ullman, Office of Attorney General, Department of Law, Albany, NY, for defendants.

### *MEMORANDUM—DECISION AND ORDER*

KAHN, District Judge.

Presently before the Court are Defendants' motion for summary judgment and Plaintiff's cross-motion for summary judgment. For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and Defendants' motion is GRANTED IN PART.

## I. BACKGROUND

On March, 25, 1997, Plaintiff brought this action pursuant to 42 U.S.C. § 1983 claiming that various officials at the Cayuga Correctional Facility ("Cayuga") violated his First and Thirteenth Amendment rights by compelling him to participate in the facility's Alcohol and Substance Abuse Treatment Program ("ASAT Program"). Plaintiff was incarcerated at Cayuga in August of 1996. Because he had previously violated rules against the possession/and or use of drugs while incarcerated at Marcy Correctional Facility Defendant David Babiarz, referred to in the complaint as "Barbiarx," interviewed him and recommended that he join ASAT.

Plaintiff disagreed with Babiarz's recommendation because he thought that completion of the program would not entitle to him an "Earned Eligibility Certificate." Babiarz referred Plaintiff to an ASAT counselor who asked him to sign an

"ASAT Contract" so he could enroll in the Program. Plaintiff refused to sign the contract and never consented to enroll in the Program. Nevertheless, on or about September 23, 1996, Plaintiff was moved into the ASAT dormitory and defendant Stevenson adjusted his programming assignment so he could participate in ASAT.

During the course of his treatment at ASAT, Plaintiff alleges that he repeatedly requested to leave the program. On January 27, 1997, Defendant Schenk wrote a misbehavior report charging Plaintiff with violating three prison regulations for sleeping through an ASAT required "group session." On January 29, 1997, prison officials held a hearing to determine Plaintiff's guilt on the above charges. Plaintiff stated that he was excused from participating in ASAT group sessions because their religious nature conflicted with his agnostic beliefs.[1] The prison official presiding over the hearing determined that Plaintiff was guilty of violating two prison regulations for sleeping during the group sessions. He ordered him to attend all future group sessions and suspended Plaintiff's recreational rights for fifteen days.

That day, Plaintiff filed an internal grievance alleging that he was agnostic and that ASAT's religious nature violated his First Amendment rights. His complaint alleges this same violation. It also claims that while enrolled in ASAT he was forced to work with no compensation in violation of the Thirteenth Amendment's prohibition on involuntary servitude.

## II. DISCUSSION

### A. Standard of Review

The standard for summary judgment is well-established. Summary judgment is

1. The heart of the ASAT program is based upon Alcoholics Anonymous' Twelve Step manifesto, the dominant theme of which "is unequivocally religious." *Griffin v. Coughlin,* 88 N.Y.2d 674, 681, 649 N.Y.S.2d 903, 673 N.E.2d 98 (1996). "Followers are urged to accept the existence of God as a Supreme Being, Creator, Father of Light and Spirit of the Universe." *Id.* at 683, 649 N.Y.S.2d 903,

appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is genuinely disputed only if, based on that fact, a reasonable jury could find in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in a light most favorable to the nonmoving party. *See City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2d Cir.1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Upon the movant's satisfaction of that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "but must set forth specific facts showing that there is a genuine issue of fact for trial." *First Nat'l Bank of Az. v. Cities Serv. Co.,* 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

673 N.E.2d 98; *see also Warner v. Orange Cty. Dep't of Probation,* 870 F.Supp. 69, 72 (S.D.N.Y.1994). The ASAT manual not only fails to disclaim the prison system's drug and alcohol addiction program from the religious approach of Alcoholics Anonymous, but "actually embraces and reinforces worship in the A.A. mold." *Griffin,* 88 N.Y.2d at 683, 649 N.Y.S.2d 903, 673 N.E.2d 98.

## B. Plaintiff's First Amendment Claim

■ The First Amendment's Establishment Clause, as the Fourteenth Amendment makes applicable to states, establishes that, at a minimum, "government may not coerce anyone to participate in religion or its exercise." *Lee v. Weisman*, 505 U.S. 577, 587, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992); *Lynch v. Donnelly*, 465 U.S. 668, 678, 104 S.Ct. 1355, 79 L.Ed.2d 604 (1984); *Everson v. Board of Education*, 330 U.S. 1, 15–16, 67 S.Ct. 504, 91 L.Ed. 711 (1947). In cases not involving coercion courts are required to examine whether the practice (1) has a secular purpose; (2) whether it advances or inhibits religion in its principal or primary effect; and (3) whether it fosters excessive entanglement with religion. *See Lemon v. Kurtzman*, 403 U.S. 602, 612–613, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971); *County of Allegheny v. American Civil Liberties Union*, 492 U.S. 573, 592, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989). Additionally, because Plaintiff is a prisoner challenging a correctional facility regulation and order, this Court must uphold the actions here if they are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Application of these standards to the instant case, reveals that this Court must make a threshold determination of whether Plaintiff was coerced into attending ASAT. *See, e.g., Warner*, 115 F.3d at 1076 n. 8 (2d Cir.1996)(holding that because the Plaintiff was sent to Alcoholics Anonymous as a condition of his probation, without offering a choice of other providers, he was "plainly" coerced in violation of the Establishment Clause).

In the instant case, Plaintiff objected to attending ASAT meetings at his initial interview and constantly complained about his enrollment in the program. He refused to sign an enrollment contract and raised the issue of the program's religious aspects with prison officials at both the January administrative hearing and subsequent grievance filing. Even more importantly, Defendants ordered him to return to "group" sessions knowing that Plaintiff objected to them on religious grounds. In light of these undisputed facts, this Court concludes that Plaintiff was coerced into attending the ASAT program in violation of his First Amendment rights.

■ Defendants' reliance on *United States v. Seeger*, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), to conclude that an individual's beliefs are not entitled to First Amendment protection unless the beliefs are sincerely held, not only misstates the law, but establishes a precedent which this Court is loathe to adopt.[2] The Establishment Clause was not drafted to protect individuals with sincerely held beliefs. Rather it was drafted, as the Supreme Court has repeatedly stated, to prevent government from coercing "*anyone* to support or participate in religion or its exercise, or otherwise act in a way which 'establishes a [state] religion or religious faith, or tends to do so.' " *Lee*, 505 U.S. at 587, 112 S.Ct. 2649 (quoting *Lynch*, 465 U.S. at 678, 104 S.Ct. 1355)(emphasis added); *see County of Allegheny*, 492 U.S. at 591, 109 S.Ct. 3086; *Everson*, 330 U.S. at 15–16, 67 S.Ct. 504; *see also Katcoff v. Marsh*, 755 F.2d 223, 231–232 (2d Cir. 1985).

The sincerity of Plaintiff's professed religious beliefs has no bearing on the Constitutional issue of whether Defendants coerced him into participating in religion or its exercise. If Courts were allowed to undertake such an inquiry, the Establishment Clause would be stripped of much of its vitality as states could compel any person with loosely held religious beliefs to attend a religious function.

---

2. In *United States v. Seeger,* the Supreme Court interpreted the meaning of the words "religious training and belief" as used in § 6(j) of the Universal Military Training and Service Act. *Id.* at 165, 85 S.Ct. 850. It did not interpret the scope of the Establishment Clause, the issue in this case.

This holding in no way denigrates the laudable goals of New York's ASAT program or the proven effectiveness of Alcoholics Anonymous approach to alcohol and drug rehabilitation. Furthermore, it does not imply that New York State must discontinue the present ASAT program. Instead this holding requires that New York State ensure that all inmates who enroll in ASAT are informed about its religious nature and consent to enrollment. Alternatively, this Court has little doubt that the current ASAT structure would pass Constitutional muster if the Department of Correctional Service simply allowed prisoners to opt out of religious portions of the program.[3]

## C. Plaintiff's Thirteenth Amendment Claim

■ The Thirteenth Amendment declares that "[n]either slavery nor involuntary servitude, *except as punishment for crime whereof the party shall have been duly convicted,* shall exist within the United States, or any place subject to their jurisdiction". U.S. Const. amend. XIII. (emphasis added). Hence, the amendment, on its face, excludes "involuntary servitude imposed as legal punishment for a crime." *United States v. Kozminski,* 487 U.S. 931, 944, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988); *see also, Omasta v. Wainwright,* 696 F.2d 1304, 1305 (11th Cir.1983) (stating that "where a prisoner is incarcerated pursuant to a presumptively valid judgment . . . the thirteenth amendment's prohibition against involuntary servitude is not implicated"); *Draper v. Rhay,* 315 F.2d 193, 197 (9th Cir.1963) (holding that "[w]here a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises"). Therefore, even if this Court concluded that Plaintiff was required to work without any compensation while incarcerated, his claim would fail. Consequently, this Court grants sum-

mary judgment to Defendants on Plaintiff's Thirteenth Amendment claim.

## D. Defendants' Claim of Qualified Immunity

■ Defendants argue that they are entitled to qualified immunity. The affirmative defense of qualified immunity "shields public officials from liability for their discretionary acts that do 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hathaway v. Coughlin,* 37 F.3d 63, 67 (2d Cir.1994)(quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). In short, the Constitutional right "must be sufficiently definite so that the official understood that his actions violated it or, in other words, that the unlawfulness of his actions was evident." *Eng v. Coughlin,* 858 F.2d 889, 895 (2d Cir.1988).

In the instant case, Defendants have provided no facts to support an inference that it was reasonable to believe their acts did not violate Plaintiff's First Amendment rights. The New York Court of Appeals had already declared coerced entry into the ASAT program unconstitutional three months prior to Plaintiff's forced entry into the program. *See Griffin,* 88 N.Y.2d at 692, 649 N.Y.S.2d 903, 673 N.E.2d 98. Plaintiff's objection to ASAT, although not on religious grounds, was made apparent at his initial ASAT interview when he stated that he did not want to join ASAT and refused to sign the ASAT enrollment contract.

For reasons already discussed, Defendants' assertion that their mistake was objectively reasonable because Defendant did not profess his atheism or agnosticism until long after he was compelled to enter ASAT misconstrues the nature of the Establishment Clause and the holding of *Griffin.* Both require the State to act neutrally and neither condition an Estab-

---

**3.** It also is apparent that the Department of Corrections could create secular alternatives to the religious components of ASAT and avoid this problem entirely.

lishment Clause violation on the sincerity of an individual's belief. This Court therefore concludes that, under the facts of this case, Defendants did not act in an objectively reasonable manner in forcing Plaintiff to participate in the religious components of the ASAT program. Therefore, their claim for qualified immunity is denied.

### E. Plaintiff's Claim for Unspecified Damages

 Plaintiff's complaint seeks unspecified damages for Defendants' violation of his First Amendment rights. The Court is mindful that normally evaluation of an injury is a "question of fact to be decided by the fact finder, after trial" and not a matter for summary judgment. *Patterson v. Coughlin*, 905 F.2d 564, 570 (2d Cir.1990). However, because no material issue of fact exists as to the extent of Plaintiff's damages, summary adjudication is appropriate.

In the instant case, the sincerity of Plaintiff's atheist and agnostic beliefs are exceedingly circumspect. Moreover, it is apparent that in adopting a policy of compelling inmates to attend ASAT, Caygua's purpose was not to promote religion but to help free alcoholics and drug addicts from their addiction by sending them to a program with a long track-record of proven success. *See Warner*, 115 F.3d at 1077. As the Second Circuit has stated, "[t]he fact that a government agency acts in a manner forbidden by the Constitution does not necessarily mean that the 'victim' has suffered a meaningful injury that would justify a sizeable damage award." *Id.* In light of the foregoing, and the de minimis injury Plaintiff suffered in being forced to complete his prison mandated ASAT program and losing fifteen days of recreation time, this Court finds that Plaintiff is entitled to only one dollar in nominal damages due to Defendants' violation of the Establishment Clause. *See Smith v. Coughlin*, 748 F.2d 783, 788 (2d Cir.1984).

### III. CONCLUSION

For the reasons stated, it is hereby

ORDERED that Plaintiff's motion for summary judgment dismiss is GRANTED IN PART; and it is further

ORDERED that Defendants' motion for summary judgment is GRANTED IN PART; and it is further

ORDERED that Defendants pay Plaintiff a total of one dollar in damages; and it is further

ORDERED that the case is DISMISSED in its entirety; and it is further

ORDERED that the Clerk of the Court serve a copy of this Order on all parties by regular mail; and it is

IT IS SO ORDERED.