■ In the Matter of ANDREW PRATT, Appellant, v MICHAEL HOGAN, Commissioner, New York State Office of Mental Health, et al., Respondents. [914 NYS2d 540]—

Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered January 7, 2010 in a proceeding pursuant to CPLR article 78. The judgment denied and dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, who is civilly confined at Central New York Psychiatric Center (CNYPC) pursuant to article 10 of the Mental Hygiene Law, commenced this CPLR article 78

proceeding seeking a judgment "vacating [CNYPC's] sex offender treatment program" and "directing respondents to cease and desist all programming with any religious foundation, belief, ritualism, connotation or suggestion of religious affiliation" on the ground that such programming violates his constitutional right to freedom of religion. Supreme Court properly dismissed the petition inasmuch as a government facility does not violate the constitutional right to freedom of religion merely by offering religion-based sex offender treatment (see Matter of Griffin v Coughlin, 88 NY2d 674, 677 [1996], cert denied 519 US 1054 [1997]; Alexander v Schenk, 118 F Supp 2d 298, 302 [2000]). That right is violated only when an individual is coerced into participating in such programming (see Griffin, 88 NY2d at 677; Warner v Orange County Dept. of Probation, 115 F3d 1068, 1074-1075 [1996]). To the extent that petitioner contends that he and others similarly situated "are being told that they have to participate in these religious based groups in order to advance in the program so that one day they 'may' be allowed to go home and move on with their lives," the record does not support that contention. Petitioner, who is an atheist, failed to establish that he was required to participate in any religion-based treatment programs offered by CNYPC and, indeed, the documents submitted by petitioner demonstrate that most of the programs cited by petitioner as being religion-based provide nothing more than relaxation, meditation or introspection techniques. The record further establishes that petitioner was free to choose the programs in which he would participate and that there were several secular programs from which he could choose to satisfy his sex offender treatment requirement (see Griffin, 88 NY2d at 677; Warner, 115 F3d at 1075). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.